UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sanjip R.,

Petitioner,

v.

Todd Blanche, Attorney General; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; David Venturella, Acting Director, Immigration & Customs Enforcement; David Eastwood, Acting Director, St. Paul Field Office Immigration & Customs Enforcement; and Joel Brott, Sheriff, Sherburne County,

Respondents.

Civ. No. 26-3854 (PAM/JFD)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Pet." (Docket No. 1)) of Petitioner Sanjip R. For the following reasons, the Court denies the Petition.

Petitioner is a native and citizen of Nepal who was admitted to the United States on April 17, 2024, on a student visa. (See Declaration of Seth T. Patrin ("Patrin Decl.") (Docket No. 9) ¶ 4.) That status was terminated in February 2025 due to academic suspension. (See id. ¶ 5.) Petitioner was arrested on criminal charges in November 2025 and remained in custody on those charges until March 3, 2026, when he was transferred to the custody of immigration officials pending removal proceedings. (See id. ¶¶ 6-8.) An

order of removal was entered with respect to Petitioner on April 23, 2026. (See id. Ex. D.) That order of removal is currently being appealed by Petitioner.

Petitioner's lone claim for relief is that his transfer from the custody of county officials on criminal charges into the custody of immigration officials was effected unlawfully due to the warrant used to justify his arrest being invalid. The parties disagree regarding whether Petitioner is detained pursuant to 8 U.S.C. § 1226(a) or § 1225(b)(2). If Petitioner is detained subject to § 1225(b)(2), then his claim necessarily fails, because Petitioner's arrest was supported by probable cause that Petitioner had violated United States immigration law and was potentially subject to removal proceedings.

Regardless of which provision applies to Petitioner, his claim fails for an even more fundamental reason: Petitioner was arrested pursuant to a valid warrant. The Government has supplied evidence that a Form I-200 Warrant was issued several months in advance of Petitioner's arrest. (See Patrin Decl. Ex. B.) Petitioner objects that the Form I-200 Warrant was issued prior to the Notice to Appear having been issued, but both the I-200 Warrant and the Notice to Appear were issued prior to Petitioner's arrest, which is all that 8 C.F.R. § 236.1(b)(1) requires. See Melchor J. v. Blanche, Civ. No. 26-3402, 2026 WL 2475351, at *1 (D. Minn. Aug. 24, 2026) (Magnuson, J.).

The Court has previously expressed its skepticism that release is the proper remedy even if a detainee subject to removal proceedings could establish the unlawfulness of his or her arrest. See Luis N. v. Mullin, Civ. No. 26-3916, 2026 WL 2925186, at *3 (D. Minn. Sept. 29, 2026) (Magnuson, J.) (citing Singh v. Sommer, No. 7:26-CV-5013, 2026 WL 2042296, at *3 (D. Neb. July 15, 2026)); Arias v. Rogers, 676 F.2d 1139, 1143-44 (7th Cir.

1982) (explaining that "once deportation proceedings have begun the legality of the alien's detention can no longer be tested by way of a habeas corpus proceeding."). It is not even clear that release would amount to an actual remedy, as absolutely nothing could stop the Government from lawfully issuing another Form I-200 Warrant and apprehending Petitioner pursuant to that updated warrant. In any event, Petitioner has not established that the warrant pursuant to which he was arrested had not been properly issued. His habeas petition is therefore denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. The petition for a writ of habeas corpus of Petitioner Sanjip R. (Docket No. 1) is **DENIED**; and
2. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 14, 2026

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge